Eastern District of Kentucky
FILED
APR 0 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-045-JMH

EZELL WHITAKER PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

GEORGE SNYDER DEFENDANT

*** *** *** ***

Ezell Whitaker, an individual currently confined in the Rivers Correctional Institution in Winton, North Carolina, originally filed the instant *pro se* complaint and an accompanying motion to proceed *in forma pauperis* in the United States District Court for the District of Columbia. That Court ordered the matter transferred to the Eastern District of Kentucky for proper venue, as the events complained of apparently took place in Lexington, Kentucky. On February 17, 2006, the matter arrived in the Office of the Clerk of this Court.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The motion to proceed *in forma pauperis* will be granted by separate Order.

CLAIMS

The plaintiff claims that while he was in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Medical Center in Lexington, Kentucky, where the defendant was warden, he suffered severe injuries and was denied medical treatment for these injuries, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

FACTUAL ALLEGATIONS

The plaintiff has completed a common complaint form for prisoners filing federal lawsuits claiming personal injuries and seeking damages under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Record No. 3. The following is a summary or construction of his allegations therein.

The plaintiff alleges that on October 7, 2002, at approximately 2 a.m., while confined in the Federal Medical Center ("FMC-Lexington"), he fell from his top bunk to the concrete floor, a distance he estimates to be a 6-foot drop, and suffered severe injuries. Whitaker claims that he suffered a severe dislocation of his right shoulder bone, an open head injury, and also injuries to his neck, back, and elbow. Plaintiff complains that he was taken to the institution medical unit, where he was kept overnight but received no treatment, x-ray, or stitches, despite his having a bone "sticking up" from his right shoulder and despite his complaints of pain.

Plaintiff Whitaker states that as a result, he has chronic neck, back, elbow, and shoulder pain and also chronic headaches. He purportedly has a scar on his head; suffers dizziness; and has lost the "normal function" of his arm and right shoulder. The plaintiff also alleges that he has lost a great deal of muscle strength in that arm and shoulder.

The plaintiff claims that both at the time of his injuries and thereafter, he "repeatedly requested medical attention . . . from the medical staff and Mr. George Snyder the Warden" but his efforts were "to no avail." He also states that he presented a claim about this to the BOP, "in an official complaint form and grievance," with the result that he received a letter denying his claim and instructing him to file a claim with the court within 6 months.

Whitaker attaches one exhibit to his completed complaint form. It is a copy of an October 28, 2005 letter from the BOP, acknowledging that it received his claim under the Federal Tort Claims Act ("FTCA") on October 3, 2005; summarizing Whitaker's allegations about the fall, the denial of treatment, and his suffering cruel and unusual punishment; and denying the claim and demand for $500,000.00. Regional Counsel explained that the reason for the denial was that Whitaker had filed the claim after the FTCA's 2-year statute of limitations had run and informed the plaintiff that he had the option of filing a federal lawsuit about the decision within 6 months.

Within the 6-month window, the plaintiff filed the instant action, making the same allegations as in his administrative claim but now seeking $500,000 for medical treatment and another $500,000 for the defendant's having violated his Eighth Amendment rights.

DISCUSSION

The plaintiff's claim cannot survive the Court's screening because of his failure to satisfy preconditions to filing a federal lawsuit about his injuries.

*Bivens*

The plaintiff has used a *Bivens* complaint form. To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. Accordingly, the plaintiff has alleged a violation of his Eighth Amendment rights by his federal custodian. However, he has made these allegations too late and in the wrong forum.

The BOP has an inmate grievance procedure for medical and other prisoner complaints, 28 C.F.R. §§542.10-.19 (1998), which calls for in initial grievance and three levels of appeal. The

courts have long held that exhaustion of these available administrative remedies is required about any complained-of conditions relating to confinement prior to prisoners' filing a *Bivens* action in court. *See Davis v. Keohane*, 835 F.2d 1147, 1148-49 (6th Cir. 1987) (per curiam). Congress later made exhaustion a statutory requirement. Effective April 26, 1996, the statute provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of the filing of the action, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Since the instant plaintiff neither alleges nor provides documents demonstrating exhaustion of the BOP administrative remedy system, his constitutional claim must be dismissed. However, the dismissal will not be without prejudice, because this case has another fatal flaw, *i.e.*, it was filed after the statute of limitations had run. Federal courts will look to state law for the statute of limitations. Courts have applied *Wilson v. Garcia*, 471 U.S. 261 (1985), to *Bivens* actions by stating that the statute of limitations applicable to *Bivens* claims is the state statute of limitations for personal injury.

*Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

The plaintiff's cause of action accrued at the time of his fall and afterwards with his treatment or lack of treatment, all in October of 2002. Yet the plaintiff filed the instant action more than 3 years later, January 11, 2006. This is well beyond Kentucky's one-year statute of limitations. Therefore, even had the plaintiff exhausted the BOP administrative system and even if that exhaustion, which normally takes a few months, had taken a full year, his complaint was filed much too late. It would warrant dismissal based upon the statute of limitations issue alone.

Federal Tort Claims Act

The FTCA neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994) (citing *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991); *Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983), *cert. denied*, 468 U.S. 1204 (1984)). Since the United States government enjoys judicial immunity, legislation must waive the immunity for the government to be sued. Such a waiver occurred with the passage of the FTCA.

As its title implies, the FTCA governs circumstances under which the U.S. government consents to tort actions, those being cases: "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . . ." 28 U.S.C. §1346(b). It has limited application, *i.e.*, being limited to cases in which "a private individual [would

be liable] under like circumstances." 28 U.S.C. §2674.

In the case *sub judice*, the plaintiff does not allege negligence, but a constitutional claim that the warden and other BOP staff deliberately refused to treat his injuries. Without a plaintiff's presenting a negligent act by a federal actor, the FTCA is not called into play. Yet the plaintiff's exhibit shows that he filed an FTCA claim administratively. Even had the instant plaintiff alleged negligence therein, however, the claim could not proceed further herein, because the FTCA has its own pre-filing requisites, one of which the plaintiff has not met.

A plaintiff must exhaust administrative remedies prior to adjudicating an FTCA claim in federal court. *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). The FTCA administrative scheme calls for a claimant to file his claim with the regional office of the Bureau of Prisons in the region where the tort happened *See* 28 U.S.C. §2675(a); 28 C.F.R. §543.30 *et seq.* Pursuant to Department of Justice regulations,

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . .

28 C.F.R. §14.2(a)(1991). *See Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989) (filing a standard Form 95 claim with the Bureau of Prisons satisfies the presentment requirement under 28 U.S.C. §2675(a)).

The Court construes the plaintiff's recitation about filing a form about the matter to be a claim that he filed a Form 95 prior to filing his lawsuit, and the BOP's letter denying Whitaker's FTCA claim substantiates that the plaintiff did meet the FTCA's presentment/administrative exhaustion requirement. However, he did so tardily. Different from a *Bivens* case, which adopts the state's statute of limitations, the FTCA imposes its own statute of limitations, with which Plaintiff

Whitaker has not complied. 28 U.S.C. §2401 provides in pertinent part as follows:

> . . .
>
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* Accordingly, an individual seeking to bring an action under the FTCA, however, "must present a written claim to the federal agency concerned within two years of the date the cause of action accrues." *Zavala v. United States*, 876 F.2d 780, 782 (9th Cir. 1989); 28 U.S.C. §2401(b).

Under the FTCA, "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988), *cert. denied*, 488 U.S. 1042 (1989). When an injury is obvious, the statute of limitations begins to run immediately upon discovery of the cause. *Huffman v. U.S.A.*, 82 F.3d 703, 705 (6th Cir. 1996).

As this Court has noted above, Plaintiff Whitaker's claim accrued at the time of his injury and the period of treatment/non-treatment thereafter, in October of 2002. Yet the plaintiff did not file his claim with the BOP within two years thereof. He waited until a third year had passed before filing his claim with the BOP. Therefore, the limited time permitted for suing the government, *i.e.*, two years, had passed, and the claim was, therefore, "forever barred."

One final issue should be addressed, *i.e.*, the proper defendant. The Clerk of the original district court had docketed the instant action as one brought pursuant to 42 U.S.C. §1983 and had listed several defendants; and upon transfer, the Clerk of this Court docketed the case the same way. After examining the extent to which the plaintiff asserts a constitutional claim and demands damages, however, the Court construes the instant complaint to institute a *Bivens* cause of action,

wherein the sole defendant is Warden George Snyder, who is being sued in his individual capacity.[1]

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The instant cause of action is construed to be one brought under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), with Warden George Snyder as the sole defendant; and the Clerk of the Court is ordered to correct the docket accordingly.

(2) This action shall be **DISMISSED,** *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2)(B), and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This the 6th day of April, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

[1] To the extent that the instant cause of action could be construed as one pursuant to the FTCA, the only defendant in such actions would be the United States of America. The Court chooses the *Bivens* construction, however.